UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CEMENT MASONS LOCAL 527, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:10-CV-1971 (CEJ) |
| | ) |
| BUFFA CONCRETE CONTRACTORS, | ) |
| INC. and D & B Concrete, LLC, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to compel an accounting following an entry of default against defendant Buffa Concrete Contractors, Inc. (Buffa Concrete). Defendant was served with a summons and a copy of the complaint on October 26, 2010, and has not filed an answer or otherwise appeared in this matter.[1] On January 11, 2011, the Clerk of Court entered default against defendant.

I. **Background**

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974, as amended, 29 U.S.C. § 185, and Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132. Plaintiffs are the Cement Masons Local 527 (the union), the trustees of three employee benefit plans (the Pension, Trust, and Vacation funds), and the St. Louis Construction Training and Advancement Foundation. They

---

[1]Also named as a defendant is D&B Concrete, LLC, which plaintiffs allege is an alter ego of defendant Buffa Concrete. Defendant D&B has filed an answer to the complaint and a Case Management Order has been entered.

seek an order compelling defendant Buffa Concrete to submit to an audit for the period December 1, 2009, through April 30, 2010.

Plaintiffs submit the affidavit of Kurt E. Dierkes, financial secretary for the union and trustee for the funds. Mr. Dierkes states that, on December 28, 2005, defendant Buffa Concrete executed the 2004-2009 collective bargaining agreement with the union. That agreement expired on April 30, 2009, and was followed by the 2009-2010 successor agreement. According to Mr. Dierkes, defendant Buffa Concrete did not sign the successor agreement. Defendant did, however, submit contribution reports for the months of May through August 2009.[2] The reports were signed by president Steve Buffa and list one employee. That employee did not work any hours during the reported months.

II. <u>Discussion</u>

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement. 29 U.S.C. § 1145. ERISA plan trustees may audit an employer's payroll records to verify that the required contributions have been made. <u>Carpenters Fringe Benefit Funds of Illinois v. McKenzie Engineering</u>, 217 F.3d 578, 582 (8th Cir. 2000) (<u>citing</u> <u>Central States, Southeast & Southwest Areas Pension Fund v. Central Transp., Inc.</u>, 472 U.S. 559 (1985)).

Plaintiffs do not seek an audit for any time period within the term of the 2004-2009 agreement, which defendant signed, but for a portion of the term of the unexecuted 2009-2010 successor agreement. Plaintiffs argue that Buffa Concrete "adopted" the successor agreement by submitting contribution reports. Employers

---

[2]Three reports are dated September 21, 2009; the fourth is dated November 11, 2009.

may adopt a collective bargaining agreement by course of conduct. Robbins v. Lynch, 836 F.2d 330, 332 (7th Cir. 1988); Gariup v. Birchler Ceiling & Interior Co., Inc., 777 F.2d 370, 373 (7th Cir. 1985). To determine whether a party has adopted a contract by its conduct, the relevant inquiry is whether the party has displayed "conduct manifesting an intention to abide by the terms of the agreement." NLRB v. Haberman Constr. Co., 641 F.2d 351, 356 (5th Cir. 1981) (en banc). For example, in Bricklayers Local 21 of Illinois Apprenticeship & Training Program v. Banner Restoration, Inc., the collective bargaining agreement was found to apply where the employer continuously submitted contribution reports, adhered to the contribution rates prescribed by the agreement, remitted union dues on behalf of its employees, and cooperated in a payroll audit. See also Southern California Painter & Allied Trade Dist. Council No. 36 v. Best Interiors, Inc., 359 F.3d 1127, 1133 (9th Cir. 2004) (jury could conclude employer adopted collective bargaining agreement where it voluntarily implemented terms of new plan and gave wage increase dictated by agreement). In this instance, the only conduct Buffa Concrete engaged in was the submission of contribution reports for the first four months of the successor agreement. Those reports indicate no work was completed by any employees. The Court finds that Buffa Concrete's act of submitting contribution reports is not sufficient to manifest an intention to remain bound by the terms of the collective bargaining agreement.

Plaintiffs cite several cases for the proposition that trustees have the power to audit an employer even in the absence of a binding agreement. In Central States, Southeast & Southwest Areas Pension Fund v. Central Transport, Inc., 472 U.S. 559 (1985), the Supreme Court addressed the trustees' authority to audit the records of an employer's entire payroll, including employees performing work not covered by the

agreement. In Central States, the employer signed a collective bargaining agreement and the plans' trust agreements. Id. at 565. The trust agreements authorized the trustees to "take such steps" as they deemed necessary "to effectuate the collection or preservation of contributions" to the funds. Id. at 565-66. The Supreme Court determined that, under the trust agreements themselves and the common law of trusts, the trustees had the authority to audit the employer's full payroll, including non-covered employees. That authority is limited, however, by the terms of the parties' agreements. Thus, where the plan documents limited the scope of the trustees' duties to eligible employees and beneficiaries, the scope of an audit could not be expanded to include non-eligible employees. Northwestern Ohio Plumber & Pipefitters Local 50 Employee Benefit Plans v. Helm & Associates, Inc., 2007 WL 2571964 (N.D. Ohio Aug. 31, 2007).

Plaintiffs also cite New York State Teamsters Conference Pension & Retirement Fund v. Boening Bros., Inc., 92 F.3d 127 (2nd Cir. 1996), and Plumbers & Steamfitters Local No. 150 Pension Fund v. Vertex Const. Co., Inc., 932 F.2d 1443 (11th Cir. 1991), to support their claim that they have the authority to conduct an audit in this case. The employers in the cited cases argued they were not required to submit to audits because they had not executed the trust agreements, in which the authority to audit was provided. In both cases, however, the employers had entered into collective bargaining agreements, thereby establishing the required contractual obligation to submit to an audit. These cases do not support a conclusion that trustees have the power to complete an audit in the absence of a current collective bargaining agreement.

Plaintiffs have not established that they have the authority to conduct an audit of defendant Buffa Concrete for a period of time after the expiration of the executed 2004-2009 collective bargaining agreement.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment to compel an accounting [Doc. #11] is **denied**.

---
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of February, 2011.